## Jones v. Commonwealth.

(Decided September 23, 1913).

### Appeal from Butler Circuit Court.

1. Criminal Law—Carnally Knowing an Idiot—Evidence of Idiocy.— In a prosecution for carnally knowing an idiot it is competent for the Commonwealth to prove by the neighbors and acquaintances

of the female assaulted that she was an idiot, and the evidence of this class of witnesses is also admissible to show that she was not.

2. Criminal Law—Carnally Knowing an Idiot—Instructions.—An instruction was proper that defined an idiot as "a person destitute of mind from birth, or a person of such weak and feeble mind existing from birth as renders her incapable of knowing right from wrong, or knowing, has not, by reason of such mental condition, if any, the will power to resist. And that at the time of the sexual intercourse with defendant, if any there was, she did not, by reason of such mental condition, if any, know that it was wrong; or if she knew that same was wrong, if they believe that by reason of such mental condition, if any, she had not the will power to resist the defendant's solicitation or suggestion that she have sexual intercourse with him, if any such there was, then she was in contemplation of law an idiot."

3. Criminal Law—Degrees of Offenses.—Section 263 of the criminal code defines certain offenses that are to be treated as degrees of each other, but this section only applies to the class of offenses mentioned or referred to in it and does not apply to the offense of carnally knowing an idiot.

4. Criminal Law—Construction of Section 264 of the Code—Adultery Not Included in Carnally Knowing an Idiot.—This section, which provides "that if an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or a part only, is included in the offense," is only applicable when the lesser and the greater offense, or the two offenses, if they be of the same nature, have some relation to or connection with each other. Neither the offense of fornication or adultery is included in the offense of carnally knowing an idiot, as there is no relation or similarity whatever between the two offenses.

W. S. HOLMES for appellant.

E. BRADLEY, J. H. GILLIAM, JAMES GARNETT, Attorney General, and D. O. MYATT, Law Clerk, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant prosecutes this appeal from a judgment of conviction under an indictment charging him with the crime of carnally knowing Fannie Johnson, an idiot. The appellant is an uncle of Fannie Johnson, and it is not denied that he had carnal intercourse with her in 1912, some months after she had been declared an idiot by the judgment of the Butler Circuit Court.

The record in the proceeding in which she was declared an idiot was introduced by the Commonwealth without objection, and it was of course admissible in

evidence. Whether this judgment alone would have been sufficient to establish that Fannie Johnson was an idiot at the time the crime was committed against her person, we do not find it necessary to determine, as there was other evidence of her idiocy. A number of witnesses who lived in the same neighborhood with her and who had known her from infancy, testified that in their opinion she was and always had been an idiot; while other witnesses testified that she was a person of ordinary intelligence. Some question is made as to the competency of her neighbors and acquaintances to give evidence as to her mental deficiency and to express the opinion that she was an idiot, but we think this evidence was clearly admissible.

It is a settled rule in this state in prosecutions where the defense is insanity "that persons who are not experts but by association and observation have had an opportunity to form an opinion as to the sanity of the person may testify to that opinion, giving also the facts upon which the opinion is based, so that the jury may judge for themselves what weight the opinion is entitled to." Abbott v. Commonwealth, 107 Ky., 624; Brown v. Commonwealth, 14 Bush, 398; Banks v. Commonwealth, 145 Ky., 800. As under this rule it is competent for non-expert witnesses to express an opinion based on their personal knowledge as to the sanity of a person, we can perceive no reason why it is not equally permissible to allow witnesses who from personal knowledge of the person under investigation qualify themselves to testify to express the opinion that the person is or is not an idiot.

Indeed the evidence of the class of non-expert witnesses we have referred to is of more assistance to a jury in arriving at the truth as to the general mental condition of a party than the technical evidence of learned medical experts who give their opinions upon a hypothetical statement of facts. Without devoting further attention to this feature of the case, we think it sufficient to say that there was abundant evidence to authorize the jury to find, as they did in returning a verdict of guilty, that Fannie Johnson was an idiot.

There being sufficient evidence to take the case to the jury, the court, after instructing the jury that if they believed beyond a reasonable doubt that Fannie Johnson was an idiot and that the accused had carnal knowledge of her, defined an idiot as follows:

"A person destitute of mind from birth or a person of such weak and feeble mind existing from birth as renders her incapable of knowing right from wrong; or knowing, has not by reason of such mental condition, if any, the will power to resist; and if the jury believe from the evidence beyond a reasonable doubt that Fannie Johnson is a person destitute of mind from birth, or that she is a person of such weak and feeble mind existing from birth as renders her incapable of knowing right from wrong, and that at the time of the sexual intercourse with defendant, if any there was, she did not, by reason of said mental condition, if any, know that it was wrong; or if she knew that same was wrong, if they believe that by reason of such mental condition, if any, she had not the will power to resist the defendant's solicitation or suggestion that she have sexual intercourse with him, if any such there was, then she was in contemplation of law an idiot."

Section 1155 of the Kentucky Statutes, under which the indictment was found, does not describe an idiot, merely providing that "whoever shall unlawfully carnally know a female under the age of sixteen years or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years;" but in the chapter in the Kentucky Statutes relating to idiots and lunatics, contained in sections 2149-2171, there are numerous provisions relating to the custody and control of the persons and property of idiots and lunatics and an idiot in section 2158 is generally described as a person who has been "destitute of mind from infancy." It is said this statute furnishes the correct definition of an idiot and insisted that the court should have simply told the jury that if they believed Fannie Johnson was destitute of mind from infancy she was an idiot, without describing, as was done in the instruction given, the elements that would constitute her an idiot within the meaning of the statute on which the prosecution was based.

The statute found in sections 2149-2171 contains no reference whatever to prosecutions or penalties for criminally assaulting or having sexual intercourse with an idiot, but is confined entirely to provisions relating to the custody and control of their persons and property, and the description of an idiot contained in this statute was not intended as a controlling rule by which to measure the correctness of instructions given in this class of cases. The context shows that the definition of

an idiot was used in a general way to point out the difference between an idiot and a lunatic, the latter being defined as a person who has lost his mind since his birth; and we think it proper in a prosecution under section 1155 that the court should define for the assistance of the jury an idiot within the meaning of this criminal statute. This statute was intended to protect the person of female idiots from assault, and it was enacted because idiots, on account of their mental deficiency, have not sufficient capacity to understand or appreciate the shame · and wrong of unlawful sexual intercourse or to resist the importunities of those who might desire to take advantage of their weakness. The purpose of the statute being to protect females who by reason of mental weakness are incapable of knowing right from wrong, or, if knowing it, have not the power to resist the temptation, the jury in prosecutions under the statute should be advised, as they were by the instructions given, what constitutes idiocy, and we think the instructions fairly and aptly described this affliction.

In Sandefur v. Commonwealth, 143 Ky., 755, we said that an idiot might be defined ''as a person who has been from birth or infancy deficient in mental capacity and destitute of the ordinary intellectual powers.'' The instruction in the case before us is more elaborate than the one referred to in the Sandefur case, but there is contained in it the idea expressed in that case and the elaboration is not objectionable.

It is further argued that an idiot is a person who has been wholly or totally destitute of mind from birth or infancy, and the jury should have been so told, but in the Sandefur case, where the evidence showed, as it does substantially in this case, ''that the prosecutrix was virtually destitute of reason and did not have ordinary intellectual powers or sufficient mental capacity to appreciate or understand the shame and wrong of having illicit intercourse, or the will power to resist in any degree the endeavors of any man who might seek to take advantage of her,'' it was held that ''it is not necessary to constitute an idiot in the meaning of the statute or even generally that the person should have been wholly destitute of mind from infancy or totally deficient in intellectual powers.''

It is further insisted that the crime of adultery or fornication is a degree of or included in the charge of having carnal knowledge of an idiot, and, therefore, the

jury should have been instructed that if they had a reasonable doubt as to the defendant's guilt as charged in the indictment, but did believe from the evidence that he had sexual intercourse with Fannie Johnson, they should find him guilty of adultery. Section 263 of the Criminal Code defines certain offenses that are to be treated as degrees of each other, but the crime charged against appellant is not mentioned, nor is there any reference to any similar or lesser offense that might constitute a degree of it, and as this section only applies to the class of offenses mentioned or referred to in it, it is clear that it is not applicable to the crime for which appellant was indicted.

It is said, however, that the instruction offered, if not authorized by section 263 was by section 264, which reads:

"If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charge may be a felony, and the offense, without the circumstances, a misdemeanor only."

In fornication and adultery the consent of the female is assumed, but in carnally knowing an idiot the crime consists in the fact that the act was committed without her consent, as an idiot is deemed in law incapable of consenting. In one class the offense consists in having sexual intercourse with the consent of the female, and in the other without the consent of the female, and so the essential element of guilt in the two classes of cases is radically different. There is no relation or similarity whatever between the two offenses. Section 264 was intended to be and is only applicable when the lesser and the greater offense, or the two offenses, have some relation to or connection with each other, but the circumstances attending the commission of the offense reduce it to a lesser offense than the one charged or convert it into a related offense, as in Fenston v. Commonwealth, 82 Ky., 549, where it was held that carnally knowing an infant under the age of consent was under the section included in the crime of rape.

The judgment is affirmed.