**STATE of Missouri, Respondent,**

v.

**Nathan TAYLOR, Jr., Appellant.**

**No. 50999.**

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Timothy D. O'Leary, Sp. Asst. Atty. Gen., Kansas City, for respondent.

August W. Jaudes, St. Louis, for defendant-appellant.

HOUSER, Commissioner.

Nathan Taylor, Jr., convicted of unlawfully selling a narcotic drug in violation of Section 195.020 RSMo 1959, V.A.M.S., was sentenced to 8 years' imprisonment in the penitentiary. On appeal the judgment was reversed and the cause remanded for a new trial. State v. Taylor, Mo.Sup., 375 S.W.2d 58. Tried anew, a jury found defendant guilty and assessed his punishment at 12 years in the custody of the Depart-

ment of Corrections. The trial court reduced the punishment to 10 years. Defendant appealed from the judgment of conviction.

The evidence at the second trial was so nearly identical to that given at the first trial that we need not restate it. See State v. Taylor, Mo.Sup., supra, 375 S.W.2d, 1. c. 60, 61, 64.

When the case came on for trial on remand defendant's counsel orally requested that the jury be waived and the case tried before the court. The request was denied.

■ The first point is that the court erred in denying defendant the right to a trial by the court on his request to waive trial by jury. Section 22(a) of Art. I, Constitution of Missouri, 1945, V.A.M.S., provides "That the right of trial by jury as heretofore enjoyed shall remain inviolate; * * * and that in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose findings shall have the force and effect of a verdict of a jury." Criminal Rule 26.01, V.A.M.R., provides that all issues of fact in any criminal case shall be tried by a jury unless trial by jury be waived as provided in the rule (which contains the same provision for waiver as that provided in the constitution). The declared public policy of the state requires that a waiver by an accused of the right to trial by jury, to be effective, be agreed to by the court. It is considered that the rights of society, as well as the rights and privileges of the accused, are involved. Under the constitution and the rule both accused and court must assent and agree that the issues of fact in a criminal case be determined by the court and not in the traditional form of trial by jury. The accused has no absolute right, either by constitution, statute, or court rule, to elect that he shall be tried by the court without a jury. The refusal of an accused's insistence upon trial by the court, where the trial judge objects to

waiver of a jury, has been upheld many times in other jurisdictions. Singer v. United States, decided by the Supreme Court of the United States March 1, 1965, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630, and cases cited; Anno.: Accused—Right to Trial Without Jury, 51 A.L.R.2d 1346, § 3, pp. 1352, 1353. We adopt the rule and reannounce the principles of Singer v. United States for this state.

■ Defendant objects that the power of the court to withhold assent is discretionary, and argues that the court should have exercised its discretion in favor of granting defendant a trial without a jury. While reluctant to directly accuse the court of an abuse of discretion defendant in effect does so by suggesting that defendant is a colored person; that the narcotics agent is white; that when this case was tried there was a considerable feeling in the City of St. Louis relative to civil rights matters; that feeling was running high against colored people and that the newspapers were full of articles pertaining to narcotics and dope rings. Defendant concludes from these unsupported statements that the jury gave the testimony of the white narcotics agent much more weight than a jury would have accorded that testimony at other times, and implies that if he had been granted "the impartial and analytical scrutiny of a circuit judge" in the trial of his case these extraneous considerations would have been disregarded. Assuming but not deciding that a trial judge may be convicted of an abuse of discretion under conceivable circumstances in refusing to assent to an accused's waiver of the right to trial by jury, no abuse of discretion is present on this review. There is nothing in this record to indicate that the conditions referred to actually existed. We are not at liberty to take judicial notice of the suggested facts. Nor is there anything in this record to indicate or intimate that the jury was actually influenced or that its verdict was infected by any such considerations. All the record shows is that defendant waived a jury trial and that the court's assent thereto was withheld. The refusal of the court to sanction defendant's attempted waiver of a jury trial constituted a proper exercise of authority, and we perceive no way in which the rights of the defendant were thereby prejudiced.

■ The second point is that the court erred in giving Instruction No. 4 on aiding and abetting, by which the jury was instructed that all persons are equally guilty who act together with a common intent in the commission of a crime; that a crime committed by two or more persons acting jointly is the act of all and of each one so acting; that mere presence of an innocent, nonparticipating spectator does not render a person liable as a principal, but that if a person be present and by words or actions abets, assists, advises or encourages the crime, with the intent to encourage and abet the crime committed, then that person is equally guilty with the person or persons who actually commit the physical act. Instruction No. 4 is not attacked as improper in form or substance, but on the ground that there was no evidence to show that defendant had any previous dealings with Darlene Moore (the one who produced the narcotic) or with Burl (who made a telephone call in the process of arranging for the delivery of the narcotic). The gist of defendant's argument is that defendant was not a principal; that defendant's principal was not Darlene Moore or Burl; that defendant did not aid and abet either of them; that defendant's principal was the narcotics agent, and that in aiding and abetting the narcotics agent, defendant was aiding in the *purchase*, not the sale, of narcotics; that defendant could not be charged with aiding and abetting a crime because the narcotics agent was not charged with a crime. This is substantially the same argument made by defendant and decided against him in points 2 and 3 on the former appeal, State v. Taylor, supra, 375 S.W.2d, 1. c. 63, [11], in which this court held that defendant was clearly implicated *as a principal* on the theory of joint action with Darlene Moore in the

commission of the crime; that as the "prime mover" in the finding of the narcotics and the consummation of the sale defendant in law was as much a seller as the seller herself. The state's evidence on the second trial, as supplemented and corroborated by the testimony of the defendant himself, in all essentials and in most of the details was substantially the same as that related in the opinion of this court on the former appeal, State v. Taylor, supra, 375 S.W.2d, 1. c. 64, and our former decision that there was ample evidence to sustain the submission of the case on the theory that defendant aided, abetted, assisted and encouraged Darlene Moore in the joint commission of the crime, is decisive of the question now raised. Instruction No. 4 was appropriately given, under the evidence.

■ The third point is that the verdict is against the weight of the evidence. The appellate court does not weigh the evidence. It determines only whether there is sufficient substantial evidence to support the verdict. State v. Archer, Mo.Sup., 328 S.W.2d 661, 666 [8]. A verdict so supported will not be disturbed on appeal. State v. Campbell, Mo.Sup., 292 S.W.2d 297, 299 [5]. We have determined that there was sufficient substantial evidence to support the verdict finding defendant guilty.

■ Defendant objects that there was no evidence that defendant used narcotics or engaged in the business of selling, and no evidence that defendant "sought out" the federal agent for the purpose of buying or selling narcotics. If true, the omission is immaterial. These are not essential elements of the crime and were not required to be proved to make a submissible case.

■ Defendant points to the evidence of entrapment, claiming that there was substantial evidence that defendant would not have exhibited a criminal intent to deal with the agent in any manner but for the agent's urging, deceit, coercion and offer of money. It is not contended that there was entrapment as a matter of law. The defense of entrapment was a question for the jury, as this court decided on the former appeal. The defense was submitted to the jury on the second trial, but the jury rejected it. There is no error apparent in connection with the subject of entrapment.

■ The fourth and final point is that the court erred in giving Instruction No. 2, directing a verdict of guilty upon a finding that defendant sold a certain narcotic drug to the agent, because of an alleged lack of evidence that defendant either procured narcotics for the agent or received compensation for delivering same. Defendant urges that the instruction fails to require a finding that the $10 paid by the agent to defendant was part of the purchase price of the narcotic; that the instruction required a finding that the sale price was $50, whereas the evidence shows that Darlene was paid only $40 and there was no evidence to support the finding of a sale for the price of $50. We have demonstrated that there was sufficient evidence to support a finding that defendant was a principal in the procuring and sale of the narcotics. There is sufficient evidence to support a finding that the agent paid $50 for the narcotics. There was testimony that Darlene Moore and defendant both told the agent that the sale price was $50; that $40 was to go to Darlene Moore and $10 to defendant, the $10 to be applied to the actual purchase price. Defendant also objects that there is no evidence that defendant owned the marijuana. This would not be fatal, but if considered important the agent testified that Darlene Moore told him that the narcotics involved in this case "belonged" to Nathan Taylor.

Defendant persists in asserting, again under this point, that he is guiltless because he was an agent for the purchaser, not agent for the supplier. Defendant cites State v. Wingfield, 115 Mo. 428, 22 S.W. 363, holding that a defendant who acts as agent for the person who orders

beer supplied in violation of a local option law is not guilty of selling; that he is guilty of selling only if he acts as agent of the dealer. The difficulty with this argument is that *defendant was not charged as agent* of the narcotics agent, or as agent of Darlene; was not proved to have been an agent of either, and was not intended to be so charged or convicted. He was charged as a principal; the proof showed that he was guilty as a principal, and he stands convicted as a principal.

An examination of the record as required by Criminal Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.