## ROBERT D. RAINS, Appellant, v. THE STATE OF NEVADA, Respondent.

### No. 5133

January 18, 1967                    422 P.2d 541

*Batjer and Sheerin,* of Carson City, for Appellant.

*Harvey Dickerson,* Attorney General, and *Joseph O. McDaniel,* District Attorney, Elko County for Respondent.

## OPINION

By the Court, ZENOFF, J.:

On July 20, 1965 Mr. and Mrs. Larry Crouch owned a certain 1965 Harley-Davidson motorcycle which was parked in their backyard in Elko. On that evening at about 10:00 p.m. Mrs. Crouch covered the vehicle, went to pick up her husband who was at church, and upon their return 15 minutes later, the bike was gone.

At approximately 10:35 p.m. a Nevada Highway Patrolman learned of the stolen motorcycle which he had seen pass him a few minutes earlier. He set off in pursuit and identified the person on the motorcycle as the defendant. The defendant attempted to outrun the officer at 90 miles per hour through Carlin Canyon on U.S. Highway 40 until the motorcycle ran out of gas. Defendant was hiding in the brush when he was discovered and handcuffed by the officer.

At the trial there was eye witness testimony, in addition to the above, that a person of the size and description of the defendant was seen pushing a motorcycle in the vicinity of the Crouch residence the evening in question. Rains testified that he and a friend had met two strangers at a hotel in Elko, that they bet him that he could not ride their motorcycle, that it was parked outside the hotel at about 10:30 p.m. on that evening when he accepted their dare, and that he thought that the strangers owned it. There was no other testimony to support his explanation, only that of his companion who said he overheard Rains and two young men talking about motorcycles.

Rains was charged with violation of NRS 205.272, taking vehicle without consent of owner. At the commencement of trial, his attorney and the district attorney waived a jury. The court found defendant guilty and he was sentenced to prison from one to ten years. Appealing from that conviction, he contends that although a trial by jury was waived by both parties the court had no right to accept the waiver for the reason that a proper construction of Nev. Const. art. 1, § 3, provides: "The right of trial by jury shall be secured to all and remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law; * * *"

NRS 174.480 states as follows: *"Issues of fact: How tried.*

"1. Issues of fact must be tried by jury, unless a trial by jury be waived by consent of both parties expressed in open court and entered in its minutes.

"2. In cases of misdemeanor the jury may consist of 12, or any number less than 12 upon which the parties may agree in open court."

The latter statute was amended in 1961 to its present form. Prior to the amendment, Section 1 read: "Issues of fact must be tried by jury, unless a trial by jury be waived *in cases not amounting to a felony,* by consent of both parties expressed in open court and entered in its minutes."

Rains asserts that since the Nevada Constitution mentions only the right of waiver of a jury trial in civil cases, ergo, no waiver is permitted in criminal cases. He suggests that the public policy of this state supports this position and requires a trial by jury in a criminal case and the jury cannot be waived.

He further contends that application of NRS 174.480 (which conditions a defendant's right to waive a jury upon the consent of the other party, the State) to criminal cases would be in derogation of the state constitutional provision mentioned above and not consistent with NRS 169.190. If this be so, the waiver stated in open court by defendant's counsel and the prosecutor was invalid and the court had no jurisdiction to proceed absent the jury.

1. The right to a jury trial in a criminal case can be waived, but the ability to waive the constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right, i.e., although a defendant can under some circumstances waive his constitutional right to a public trial he has no absolute right to compel a private trial. The defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. Singer v. United States, 380 U.S. 24 (1965); Patton v. United States, 281 U.S. 276 (1930). The right to a jury trial is a personal privilege, but yet still subject to constitutional or statutory mandate. Schick v. United States, 195 U.S. 65, 72 (1904). Just as the federal government has recognized that the waiver of a jury trial has a proper place in its system of criminal justice the states have done likewise for their systems. (This state with NRS 174.480.)

Requiring the consent of the prosecutor or court, or both, before a waiver becomes effective is a reasonable protective condition. The premise is that society has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the constitution

regards as most likely to produce a fair result. Singer v. United States, supra; Alldredge v. State, 156 N.E.2d 888 (Ind. 1959); State v. Taylor, 391 S.W.2d 835 (Mo. 1965); Cornell Law Quarterly, Vol. 51, Page 339 (1966).

This state in State v. McClear, 11 Nev. 39 (1876), held that "the state has certain rights as well as the prisoner. The people need protection as well as the defendant who is accused of the crime. The right of trial by jury as guaranteed by the constitution is as much for the protection of the whole people as for the individual prisoner."

We reaffirm the policy of McClear. Nev. Const. art. 1, § 3, wherein it relates to trial by jury has not been changed since its adoption. We perceive no reason to depart from well-established authority in its interpretation.

Appellant's public policy argument has little credence in light of the legislative history of NRS 174.480. We likewise interpret the statute as supplementing NRS 169.190 rather than conflicting with it.[1]

In this case all parties consented to the trial proceeding without a jury. The defendant will not now be allowed to be relieved of his choice.

2.   The defendant also alleges as error that the state failed to produce evidence showing that he had the requisite intent to deprive the owner of his vehicle. In Harvey v. State, 78 Nev. 417, 420, 375 P.2d 225 (1962), this court said that "the question of whether the property was originally taken with such intent (felonious) is one of fact, the determination of which is to be made from a consideration of all the circumstances preceding, attending and following the taking of the property." (Citing State v. Cudney, 47 Nev. 224, 218 P. 736.) This case is replete with facts which entitled the trier to find that the requisite intent was sufficiently proved.

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.

---

[1]NRS 169.190: *"Conviction must be based on verdict or judgment.* No person can be convicted of a public offense, tried by indictment or information, unless by a verdict of a jury, accepted and recorded by the court, or upon a plea of guilty, or when he refuses to plead after judgment against him upon a demurrer to the indictment or information."