STUART M. GOLDSTEIN, PETITIONER, v. JOSEPH S. PAVLIKOWSKI, JUDGE OF THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, AND THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, RESPONDENTS.

No. 6690

October 26, 1971                    489 P.2d 1159

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Petitioner.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondents.

## OPINION

By the Court, ZENOFF, C. J.:

These are original proceedings in prohibition to prevent respondent judge from conducting a jury trial despite petitioner both having waived a jury trial'and having made demand for trial to the court. Respondent concedes that the court's examination of the question by extraordinary writ at this time is proper. Bell v. District Court, 28 Nev. 280, 81 P. 875 (1905); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); Buckingham v. District Court, 60 Nev. 129, 102 P.2d 632 (1940).

Charged with murder, Stuart M. Goldstein entered alternative pleas of not guilty and not guilty by reason of insanity. He filed a motion for trial by the court and executed a written waiver of his right to a jury trial. In support of the motion he urges: first, that the Nevada Revised Statutes (NRS 175.011,[1] NRS 174.045(1)[2] and NRS 174.065[3]) compel an accused, who desires the avoidance of a trial by jury, to plead guilty;

---

[1]175.011   *Trial by jury.*

1. In a district court, cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state. A defendant who pleads not guilty to the charge of a capital offense must be tried by jury.

2. In a justice's court, a case shall be tried by jury only if the defendant so demands in writing not less than 5 days prior to trial. Where a case is tried by jury, a reporter must be present who is an official reporter for a district court of this state, and shall report the trial.

[2]174.045   *Proceedings on plea of guilty to capital offense.*

1. When any person is convicted upon a plea of guilty of an offense punishable by death, except as provided in NRS 174.065, the supreme court shall appoint two district judges from judicial districts other than the district in which the plea is made, who shall with the district judge before whom such plea is made, or his successor in office, by examination of witnesses determine the degree or facts of the offense and give sentence accordingly. A sentence of death may be given only by unanimous vote of the three judges, but any other sentence may be given by the vote of a majority.

[3]174.065   *When plea of guilty may specify the degree or punishment.*

1. On a plea of guilty of an information or indictment accusing a defendant of a crime divided into degrees, when consented to by the district attorney in open court and approved by the court, the plea may

and secondly, that compelling a trial by jury against his will unconstitutionally deprives him of a fair and impartial trial. Impartiality is deprived, he asserts, in that his case has achieved widespread notoriety. Fairness is denied, he asserts, because his insanity defense is so difficult and so comprehensive that a jury could not grasp it. He adds that NRS 175.011 and 174.065 constitute impermissible legislative interference with judicial discretion in the methods of conducting trials and that these two sections vest the district attorney with power to reject arbitrarily a defendant's guilty plea and to compel a defendant to undergo a jury trial.

1. The question whether an accused has a constitutional right to waive a jury trial and to compel a trial by a judge was answered negatively in Singer v. United States, 380 U.S. 24 (1965), and in our case of Rains v. State, 83 Nev. 58, 422 P.2d 541 (1967). In Nevada, NRS 175.011 specifically provides that an accused who pleads not guilty to the charge of a capital offense must be tried by a jury. Both *Singer,* supra, and *Rains,* supra, established that neither the common law nor the constitution confers an absolute right to waive a trial by jury absent the approval of the court and the consent of the state; his *only* constitutional *right* concerning the trial method is that there be an impartial trial by jury. See also Patton v. United States, 281 U.S. 276 (1930); *Singer,* supra, at 36; Annot., 51 A.L.R.2d 1346 (1957). Goldstein, however, points to the language of *Singer,* supra, at 37, as providing for an exception, to wit: "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." The petitioner describes the brutal crime, states his long history of mental illness and refers to the complexity of an insanity defense (Fox v. State, 73 Nev. 241, 316 P.2d 924 (1957)), as evidencing the unlikelihood that a fair jury trial protecting his due process rights will be received. However, the presentation

specify the degree, and in such event the defendant shall not be punished for a higher degree than that specified in the plea.

2. On a plea of guilty to an indictment or information for an offense punishable by death, when consented to by the district attorney in open court and approved by the court, the plea may specify a punishment less than death. The specified punishment, or any lesser punishment, may be imposed by a single judge.

of what the evidence might or could be at the trial is premature and will not be considered.

There is no right to waive trial by jury in a capital case. Simply stated, the legislature has not provided such a right. Having failed so to do we must abide by it, for to interpret such a provision into the statute would constitute judicial legislating. Furthermore, the statement of facts concerning the horrors of the crime cannot be applied by us as the measure allowing waiver if that be the meaning of the above-quoted language of *Singer,* because it is unknown at this stage of the proceedings what evidence will be presented to the jury or the court until trial takes place. Note, 38 Texas L.Rev. 928 (1960); Oppenheim, Waiver of Trial by Jury in Criminal Cases, 25 Mich.L.Rev. 695, 697 (1927); Griswold, The Historical Development of Waiver of Jury Trial in Criminal Cases, 20 Va.L.Rev. 655 (1934).

An extensive review of the trial-by-jury topic in early American courts would be repetitive but apparently there were two views about the so-called "right" to jury trial; one, that the jury trial is a device to protect not only the defendant's interest but also that of the society, and second, that any power of waiver of trial by jury must be founded on constitutional or statutory authority. Cancemi v. The People, 18 N.Y. 128, 7 Abb.Pr. 271 302–3 (1858). In other cases, and also in *Cancemi,* supra, the courts based their conclusions on the absence of affirmative statutory or constitutional authority for nonjury trial. Harris v. People, 21 N.E. 563 (Ill. 1889), held that a trial must be by the tribunal, and in the mode, provided by the constitution and laws. Oppenheim, supra, 724, et seq., Annot., Right to Waive Trial by Jury in Criminal Cases, supra; and effect of waiver upon jurisdiction of the court to proceed without a jury, Annot., 48 A.L.R. 767 (1927).

Examining the Sixth Amendment and Article III, Section 2, Clause 3, the Federal constitutional guarantees of trial by jury, the authorities conclude that "The trial of all crimes . . . shall be by jury . . ." is a constitutional mandate that is not, however, jurisdictional. Congress possessed the power to enact legislation permitting the trial of a case without a jury and Congress did so in § 24 of the Judicial Code. Transposing the problem from the Federal Constitution to our own home grounds Art. I, § 3, Art. VI, § 6 of the Nevada Constitution and NRS 175.011(1)[4] give the Nevada courts jurisdiction of

---

[4] See Footnote 1, supra.

criminal cases but make no allowance for a trial solely before the court in capital cases. Therefore, the trial court here could neither permit Goldstein's waiver of jury trial nor allow the bench trial because it had no jurisdiction to conduct a trial without a jury, this being a capital case.

2. Petitioner protests that Nevada's statutes on waiver of jury trial are constitutionally infirm because they deprive petitioner of equal protection of the laws, coerce self-incrimination and infringe and usurp the powers of the judiciary. The first objection rests on the assumption, which we have rejected, that there is a constitutional right to waive trial by jury. The next objection is that the distinction between capital and noncapital offenses is impermissible. Distinctions between classes are constitutionally improper only if the basic distinction between the classes is unsupportable. That is not so here. It must be recognized that the burden upon a judge in a capital case is very heavy, perhaps too heavy to bear alone, and, also, as Oppenheim, supra, concludes, the decisions on possible changes in this area must be left to the legislature. We recognized in *Rains,* supra, that society has a legitimate interest in seeing cases, wherein a grievous wrong has been committed, tried before the tribunal selected by such society as most likely to produce a fair result. In capital offenses, considerations of possibly severe penalty and operational efficiency may be outweighed by the desire to have 12 consciences judging instead of one and to spread the load over several individuals. The distinction between capital and noncapital offenses is reasonable and does not invidiously discriminate against Goldstein.

He also asserts that his Fifth Amendment right against self-incrimination is violated in that NRS 174.045 and NRS 174.065 allow court determination of degree and sentence only if he pleads guilty. But he places faulty reliance upon United States v. Jackson, 390 U.S. 570 (1968), and Spillers v. State, 84 Nev. 23, 436 P.2d 18 (1968). The Court said in *Jackson,* supra, at 582: "Whatever may be said of Congress' objectives, they cannot be pursued by means that needlessly chill the exercise of basic constitutional rights." No basic constitutional right is chilled in this case. There is no chilling dilemma here because he has no right to a nonjury trial, which is entirely distinct from *Jackson* and *Spillers* where the undoubted right to choose trial by jury was chilled.

3. Goldstein's final contention is that NRS 175.011, requiring the prosecutor's consent to a guilty plea, improperly invades the province of the court. NRS 175.011 gives the prosecutor no discretion in this case. It mandates a jury trial on every not-guilty plea.

Petition denied.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.