GEORGE D. SINGLETON, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7228

June 6, 1974                          522 P.2d 1221

*Morgan D. Harris,* Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Daniel M. Seaton,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Appellant George D. Singleton was convicted of the killing of Carl Arthur Benson in Las Vegas and was sentenced to life imprisonment without possibility of parole.

The volume of proof of his complicity was abundant. His defense was based almost entirely on that of insanity. The jury, however, accepted the expert testimony that Singleton knew the difference between right and wrong when he committed the killing.

The issues raised on appeal deal not with the weight of the evidence but with certain purported errors.

1. One question concerns the privilege of the attorney-client relationship. Robert Archie, an attorney who at one time represented Singleton in matters other than this offense, testified on rebuttal that Singleton was his client during 1970, that it was his opinion that Singleton wasn't always truthful and that he always found Singleton to be a lucid individual. The defense objects that Archie's testimony constituted a violation

of the attorney-client privilege.[1] The State, on the other hand, contends that the testimony offered by Mr. Archie does not fall within the protection of the attorney-client privilege. We need not decide this question because we hold that Mr. Singleton waived the privilege when he called various attorneys who had previously represented him to testify on the sanity issue.[2] Mr. Singleton placed in issue both his sanity and his credibility and Mr. Archie's testimony was proper rebuttal.

2. Dr. Hess, a clinical psychologist, was called by the defense to testify regarding Singleton's mental health. He testified that his results were confirmed by earlier tests conducted by Mr. Long. On cross-examination Dr. Hess was asked if he was aware that Mr. Long's certificate to act as a psychologist in Nevada was under review for allegedly representing that he had certain educational qualifications that he in fact did not have. Appellant objected that this was improper impeachment of the witness.

The question was proper under NRS 50.305.[3] The statute is dispositive. The credibility of a source used by Dr. Hess in arriving at his opinion was an underlying fact which could be pursued on cross-examination. See Hope v. Arrowhead & Puritas Waters, Inc., 344 P.2d 428 (Cal.App. 1959).

3. Appellant claims prejudicial error for failure of the trial court to give certain instructions involving the "state of mind" doctrine. This doctrine was a subject of discussion by this court in Fox v. State, 73 Nev. 241, 316 P.2d 924 (1957), wherein the court was concerned with two separate factual issues. (1) Was the mind of the defendant capable of premeditating? (2) Assuming that the defendant was capable of

---

[1] NRS 49.095: General rule of privilege. A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications:

1. Between himself or his representative and his lawyer or his lawyer's representative.

[2] This court does not view favorably the practice of calling attorneys to testify concerning their impressions or relationships with clients who have become litigants. This observation is subject, of course, to established exceptions.

[3] NRS 50.305 Disclosure of facts, data underlying expert opinion. The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the judge requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

premeditating, did he in fact premeditate? That Singleton had the capacity to premeditate is implicit in the jury's failure to render a verdict of not guilty by reason of insanity. A mental disorder less than insanity does not of itself destroy the capacity to premeditate or to entertain the requisite intent. Fox v. State, supra.

There is no evidence of tensional circumstances described in Fox, supra, which would compel the court to give the requested instruction. An instruction need not be given when there is no proof in the record to support it. State v. Parr, 283 P.2d 1086 (Mont. 1955); Velasquez v. United States, 244 F.2d 416 (10th Cir. 1957); cf. Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965).

4. Dr. William O'Gorman, following his initial examination of the defendant, indicated that Singleton's I.Q. was in the idiot level range but revised his opinion concerning Singleton's sanity after receiving additional information. Since NRS 194.010 removes idiots, lunatics and insane persons from the class of persons who may be punished for crime, appellant contends that O'Gorman's testimony brought him within the statute.

An idiot is a person destiute of mind at birth or a person of such weak and feeble mind existing from birth as renders him incapable of knowing right from wrong or, knowing, has not by reason of such mental condition the will power to resist. Jones v. Commonwealth, 159 S.W. 568, 569 (Ky.App. 1913); Hauber v. Leibold, 107 N.W. 1042, 1044 (Neb. 1906).

The record does not support a conclusion that Singleton can be classified as an idiot according to the legal definition. Whether he was able to distinguish right from wrong was adequately covered by the instruction on insanity.

5. Appellant also raises the issue that he was denied equal time in his closing argument to the jury. There is no merit to that contention nor to his objection that Dr. James Clarke, a pathologist, was not competent to testify to the maximum and minimum caliber weapon that killed the victim. Dr. Clarke's experience in treating hundreds of gunshot wounds and his familiarity with certain caliber weapons was sufficient to establish his competency to testify. Cf. People v. Anderson, 518

P.2d 828 (Colo. 1974). The competency of an expert is for the trial court to determine and will not be grounds for reversal absent a clear showing of abuse.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.